# EXHIBIT 4



Geoffrey M Davis (214692)
geoffrey.davis@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard Eighth Floor
Los Angeles, CA  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant Crane Co.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARTIESE HERBAGE, Individually and as Successor-in-Interest to DANIEL HERBAGE, Deceased, MATTHEW HERBAGE and STEPHANIE HERBAGE DESIST,<br><br>Plaintiffs,<br><br>v.<br><br>AMCORD, INC., *et al.*,<br><br>Defendants. | Case No. 21STCV35410<br><br>JCCP No.: 4674<br><br>**CRANE CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' LAOSD GENERAL ORDER STANDARD INTERROGATORIES TO DEFENDANT CRANE CO.**<br><br>Complaint Filed:     September 27, 2021 |

PROPOUNDING PARTY:     Plaintiffs, MARTIESE HERBAGE, Individually and as Successor-in-Interest to DANIEL HERBAGE, Deceased, MATTHEW HERBAGE and STEPHANIE HERBAGE DESIST

RESPONDING PARTY:     Defendant, CRANE CO.

SET NO:     ONE

Defendant Crane Co. objects and responds to Plaintiffs' LAOSD General Order Standard Interrogatories Propounded to Defendant Crane Co. as follows:

**INTERROGATORY NO. 27:**

Did **YOU** ever warn of any health hazards of **ASBESTOS**? If so, for each such warning, then state:

    A. The content, size, color, and location of the warning (including but not limited to whether the warning appeared on the material and/or on the container, and/or was placed on a tag; whether the warning was included in contracts or whether the warning was included in brochures, catalogs, advertising or other promotional materials);

    B. Whether **YOU** have any photographs or images thereof;

    C. The inclusive dates on which each such warning was used; and

    D. All changes made to each warning and the dates of such changes.

**ANSWER:** In addition to the General Objections set forth above, Crane Co. objects to this Interrogatory because it is overly broad and unduly burdensome. Crane Co. further objects to this Interrogatory because it seeks information that is not relevant and it is not reasonably calculated to lead to the discovery of admissible evidence. Crane Co. also objects to this Interrogatory to the extent it implies (i) that Crane Co. manufactured "asbestos products" as it understands that term and as that term is commonly used in asbestos litigation; (ii) that Crane Co. ever manufactured, refined, or processed, "loose asbestos fibers"; or (iii) that Crane Co. manufactured products were harmful when used as intended. Crane Co. was not a manufacturer of "asbestos products." At all times relevant and as it pertains to this case, Crane Co. is and has been a manufacturer and seller of industrial fluid control products – most notably metal valves. Crane Co. objects to this Interrogatory to the extent it seeks information concerning sales by entities which were not affiliated with Crane Co. at the time of sale, or information concerning products not identified by Plaintiffs, as such information is irrelevant. Finally, Crane Co. objects to this Interrogatory as compound, vague, and ambiguous.

Subject to and without waiving the foregoing objections, to the best of Crane Co.'s present knowledge, the only statement associated with any Crane Co. manufactured industrial product regarding asbestos was a notification that first appeared in the mid-1980s